**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**EDSON ESPINOZA CAMACHO,**

        **Petitioner,**

    **v.**                                            **Civil Action No. 3:26-cv-76**

**PAUL PERRY,** *et al.*,

        **Respondents.**

**ORDER**

For the reasons stated in the accompanying Memorandum Opinion, the Court GRANTS Petitioner Edson Espinoza Camacho's Amended Petition.  (ECF No. 4.)

Respondents are ORDERED to provide Mr. Espinoza Camacho with a bond hearing in front of an Immigration Judge pursuant to 8 U.S.C. § 1226(a).  The Court ORDERS that the Immigration Court provide Mr. Espinoza Camacho with the opportunity for a bond hearing prior to any hearing on the merits of his removal, and no later than three (3) days from the date of entry of this Order.

Respondents are ENJOINED from denying bond to Mr. Espinoza Camacho on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2).

Respondents are ORDERED to file a status report with this Court within three (3) days after Mr. Espinoza Camacho's bond hearing and prior to any hearing on the merits, stating whether Mr. Espinoza Camacho has been granted bond, and, if his request for bond was denied, the reason for that denial.  Simply stating that Mr. Espinoza Camacho's request for bond was denied because he was deemed a "flight risk" or a "danger to the community," without more, is insufficient.

In the event Mr. Espinoza Camacho is released on bond, Respondents are ENJOINED from rearresting Mr. Espinoza Camacho, unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing or is subject to detention pursuant to a final order of removal.

Should Mr. Espinoza Camacho be released on bond, Respondents are FURTHER ENJOINED from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2).[1]

It is SO ORDERED.

Date: 2/15/2026
Richmond, Virginia

/s/
M. Hannah Lauck
Chief United States District Judge

---

[1] Courts in this District have found that "the automatic stay provision imposed in immigration cases constitutes an unequivocal violation of due process." *Hasan v. Crawford*, 800 F. Supp. 3d 641, 661 (E.D. Va. 2025)

2